*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* M. WOLOSONOWICH, Minor.

UNPUBLISHED
January 27, 2022

No. 357373
Clare Circuit Court
Family Division
LC No. 20-000014-NA

Before: CAMERON, P.J., and M. J. KELLY and SHAPIRO, JJ.

PER CURIAM.

Respondent appeals as of right the trial court's order terminating his parental rights to the minor child, MW, under MCL 712A.19b(3)(c)(*i*) (conditions that led to adjudication continue to exist) and (g) (failure to provide proper care and custody).[1] We affirm.

## I. BACKGROUND

In February 2020, the Department of Health and Human Services (DHHS) filed a petition requesting that MW be removed from respondent's care. DHHS alleged that respondent and MW's mother had a history of domestic violence and that respondent had substance abuse issues and used methamphetamine in the home. MW was removed from respondent's care and placed with her maternal grandparents, where she remained for the duration of the case.

In June 2020, respondent made admissions to various allegations regarding substance abuse and domestic violence, including that he was arrested as a result of a domestic violence complaint regarding MW's mother. Respondent also admitted that in April 2019, he self-reported being diagnosed with bipolar disorder and was not taking his prescribed medications. Respondent was ordered to participate in Narcotics Anonymous (NA) meetings, drug screens, parenting education classes, and mental health and substance abuse counseling with community mental health. Respondent was also ordered to obtain and maintain employment.

---

[1] During the course of the proceedings, the trial court also terminated the parental rights of MW's mother. She has not appealed.

At the December 2020 review hearing, it was established that respondent had made little to no progress toward rectifying the conditions that had led to MW's removal. The trial court granted DHHS's request to file a supplemental petition requesting termination of respondent's parental rights.

At the beginning of the termination hearing, respondent appeared via Zoom and indicated he wanted to voluntarily relinquish his parental rights. The trial court told respondent to come to the courthouse before noon so he could sign the necessary paperwork. When the court reconvened shortly after 1:00 p.m., respondent was not present, and the court proceeded with the hearing.

The foster-care case manager testified that respondent did not attend NA meetings or participate in any formal parenting education classes. Of the seven drug screens respondent participated in between July 2020 and October 2020, all seven came back positive for methamphetamine and amphetamine. The case manager arranged for respondent to enter a rehabilitation program, but he declined to go. Respondent's participation in mental health counseling was "sporadic." Further, although respondent was briefly employed at the beginning of the case, he was laid off because of the COVID-19 pandemic and remained unemployed throughout the rest of the case.

In the middle of giving its oral opinion, the trial court noted that respondent had arrived at the courthouse but that it was going to proceed with its opinion. The court concluded that there was clear and convincing evidence to terminate respondent's parental rights under MCL 712A.19b(3)(c)(*i*) and (g). The court also determined that it was in MW's best interests to terminate respondent's parental rights. This appeal followed.

## II. ANALYSIS

Respondent argues that the trial court erred by terminating his parental rights under MCL 712A.19b(3)(c)(*i*) and (g). We agree that the trial court erred by terminating respondent's parental rights under MCL 712A.19b(3)(g). We nonetheless affirm because termination was appropriate under MCL 712A.19b(3)(c)(*i*).[2]

Termination under MCL 712A.19b(3)(g) is proper when "[t]he parent, although, in the court's discretion, financially able to do so, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age." However, the trial court incorrectly applied the pre-amended version of MCL 712A.19b(3)(g), which provided that termination was

---

[2] "In order to terminate parental rights, the trial court must find by clear and convincing evidence that at least one of the statutory grounds for termination in MCL 712A.19b(3) has been met." *In re VanDalen*, 293 Mich App 120, 139; 809 NW2d 412 (2011). "We review the trial court's determination for clear error." *Id.* "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *In re BZ*, 264 Mich App 286, 296-297; 690 NW2d 505 (2004). Respondent does not challenge the trial court's finding that termination of his parental rights was in MW's best interests.

proper when "[t]he parent, without regard to intent, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age." MCL 712A.19b(3)(g), as amended by 2017 PA 193. Because it applied the wrong version of the statute, the trial court did not determine if respondent was financially able to provide proper care or custody for MW. Further, given that the court found that respondent "was not employed other than briefly at the beginning of the case," respondent presumably did not have the financial ability to provide proper care and custody of MW. For these reasons, the trial court erred by terminating respondent's parental rights under MCL 712A.19b(3)(g).

Nonetheless, only one statutory ground for termination is necessary. See *In re Frey*, 297 Mich App 242, 244; 824 NW2d 569 (2012). MCL 712A.19b(3)(c)(*i*) provides that the trial court may terminate a respondent's parental rights if "182 or more days have elapsed since the issuance of an initial dispositional order" and "[t]he conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age." The termination of respondent's parental rights under MCL 712A.19b(3)(c)(*i*) has ample support in the record evidence. The conditions leading to adjudication were respondent's substance abuse, domestic violence, mental health issues, and a lack of employment. Given respondent's lack of compliance with the case service plan, the trial court did not clearly err by finding that respondent failed to rectify these conditions and was unlikely to do so within a reasonable time. Because only one statutory ground is required to terminate a respondent's parental rights, the court's error in relying on MCL 712A.19b(3)(g) is harmless. See MCR 2.613(A).

Affirmed.

/s/ Thomas C. Cameron
/s/ Michael J. Kelly
/s/ Douglas B. Shapiro

-3-